NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: ELK CROSS TIMBERS DECKING MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | Civil Action No.: 15-18 (JLL) <br><br> MDL No.: 2577 <br><br> **ORDER** |

This matter comes before the Court by way of a motion to dismiss (ECF No. 60) the Omnibus Amended Complaint ("OAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) by Building Materials Corporation of America d/b/a GAF Materials Corporation ("GAF"). For the reasons set forth in this Court's corresponding Opinion,

**IT IS** on this 26th day of October, 2015,

**ORDERED** that GAF's motion to dismiss (ECF No. 60) is granted in part and denied in part; and it is further

**ORDERED** that the following causes of action are dismissed with prejudice:

- Count 1 (Negligence-Stidham, Mapp, Shepherd);
- Count 2 (Indiana Consumer Protection Statute-McGovern);
- Count 3 (New Jersey Consumer Fraud Act-All Plaintiffs);
- Count 9 (Colorado Consumer Protection Act-Kaiser, Turcheck, Tuthill, Barker, Megerle) (only with regard to Plaintiffs' class claims for monetary damages);
- Count 10 (North Carolina Unfair and Deceptive Trade Practices Act-Shepherd);
- Count 12 (Ohio Consumer Sales Practices Act-Burger);

- Count 21 (Breach of Implied Warranties-Williams, Denton, Sheridan, Ross, Khanna, Giovannetti, Wolcott, Ernst);

- Count 22 (Negligent Misrepresentation-Shepherd, Stidham);

- Count 23 (Fraudulent Misrepresentation-Shepherd, Stidham);

- Count 24 (Fraudulent Concealment-Shepherd, Stidham);

- Count 25 (Magnuson-Moss Warranty Act-Williams, Denton, Sheridan, Ross, Khanna, Giovannetti, Wolcott, only to the extent that these causes of action arise from their breach of implied warranty causes of action);

- Count 26 (Strict Products Liability-Stidham, Denton, Sheridan, Claxton, McGovern, Narducci, Mapp, Giovannetti, Shepherd, Burger, Wolcott);

- Count 27 (Unjust Enrichment-Claxton, McGovern, Narducci, Shepherd); and it is further

**ORDERED** that the following cause of action are dismissed without prejudice:

- Count 1 (Negligence-Robertie, Ross, Sheridan, Denton, McGovern, Narducci, Claxton, Warren, Ernst, Kaiser, Turcheck, Tuthill, Megerle, Barker, Williams, Wolcott, Khanna, Giovannetti);

- Count 2 (Indiana Consumer Protection Statute-Stidham);

- Count 5 (Missouri Merchandising Practices Act-Ross);

- Count 6 (Illinois Consumer Fraud and Deceptive Practices Act-Ernst);

- Count 7 (Virginia Consumer Protection Act-Wolcott);

- Count 10 (North Carolina Unfair and Deceptive Trade Practices Act-Robertie);

- Count 11 (Ohio Product Liability Act-Burger);

- Count 18 (Nebraska Unfair and Deceptive Practice-Warren);

- Count 20 (Breach of Express Warranty-Burger, Ross, Sheridan, Denton, Hoover & Cohen, McGovern, Narducci, Claxton, Warren, Ernst, Kaiser, Turcheck, Tuthill, Barker, Megerle, Stidham, Williams, Wolcott, Khanna, Giovannetti, Shepherd, Mapp);

- Count 21 (Breach of Implied Warranties-Burger, Robertie, Shepherd, Hoover & Cohen, McGovern, Narducci, Claxton, Warren, Kaiser, Turcheck, Tuthill, Barker, Megerle, Stidham, Mapp);

- Count 22 (Negligent Misrepresentation- Burger, Robertie, Ross, Sheridan, Denton, McGovern, Narducci, Claxton, Warren, Ernst, Williams, Wolcott, Khanna, Giovannetti);

- Count 23 (Fraudulent Misrepresentation-Robertie, Ross, Warren, Wolcott, Khanna, Giovannetti);

- Count 24 (Fraudulent Concealment-Burger, Robertie, Ross, Sheridan, Denton, Hoover & Cohen, McGovern, Narducci, Claxton, Warren, Ernst, Williams, Wolcott, Khanna, Giovannetti, Mapp);

- Count 25 (Magnuson-Moss Warranty Act-Burger, Robertie, Shepherd, Ross, Sheridan, Denton, Hoover & Cohen, McGovern, Narducci, Claxton, Warren, Ernst, Kaiser, Turcheck, Tuthill, Barker, Megerle, Stidham, Williams, Wolcott, Khanna, Giovannetti, Mapp);

- Count 26 (Strict Products Liability-Ross, Warren, Ernst, Kaiser, Turcheck, Tuthill, Barker, Megerle,Williams, Khanna);

- Count 27 (Unjust Enrichment-Burger, Robertie, Ross, Hoover & Cohen, Warren, Ernst, Stidham, Giovannetti, Mapp); and it is further

**ORDERED** that Plaintiffs are permitted to file an amended OAC within the time frame to be set by Magistrate Judge Dickson.

**IT IS SO ORDERED**.

                                          /s/ Jose L. Linares
                                          JOSE L. LINARES
                                          UNITED STATES DISTRICT JUDGE